IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER THIRTEEN
:
KYLE WESTLEY BRIDGEFORTH, : BANKRUPTCY NO.: 5-14-bk-04499-JJT
:
DEBTOR :

# OPINION

This matter comes before me by way of a hearing on confirmation of the Chapter 13 plan of the Debtor, Kyle Bridgeforth, who is without counsel. An Objection was filed by the Chapter 13 Trustee, Charles J. DeHart. Succinctly stated, the Trustee's concerns are as follows:

1.      The Debtor is required to dedicate all projected disposable income to the plan under § 1325(b)(1). In accordance with that requirement, the plan payment should be at least as much as disposable income set forth on Official Form (OF) 22C. Disposable income as calculated by 22C, the means test, exceeds the proposed plan payment of $31.47.

2.      The Debtor's spouse, being employed, is not a dependent of the Debtor and should not be counted as a member of the household.

3.      Utility bills, not in the Debtor's name, cannot support an expense on the means test without adding so much of the spouse's income that would represent payment of that bill.

4.      An increase in income during the pendency of the plan by reason of the satisfaction of a pension loan should be accounted for in the plan.

5.      Schedule J expenses exceed those deemed reasonable.

6.      A reasonable amount of disposable income each month would approximate $600.00, which greatly exceeds the proposed plan payment of $31.47.

Debtor's response is that use of current income and expenses is much more appropriate than relying on OF-22 and, also, he is legally liable for the debts of his spouse by reason of Pennsylvania law.

With regard to use of the "means" test, I am statutorily mandated to begin my analysis with that vehicle. 11 U.S.C. § 1325(b). This measure of "disposable income" is a formula spelled out in 11 U.S.C. § 707(b)(2)(A)(ii)(1) and incorporated into the provisions of Chapter 13 by § 1325(b)(3).

> In making the calculation of disposable income, I am directed to deduct from income those amounts that are reasonably necessary for support of the Debtors and the Debtors' dependents. 11 U.S.C.§ 1325(b)(2). Use of the quoted term requires me to refer to 11 U.S.C.§ 707(b)(2) for further details. 11 U.S.C.§ 1325(b)(3). Generally speaking, Section 707, in turn, allows standard deductions in three categories covered by the Internal Revenue Manual (IRM). Those general categories are National Standards, Local Standards, and Other Necessary Expenses.
>
> Internal Revenue Service National Standards have been established for five expense items--(1) food, (2) housekeeping supplies, (3) apparel and services, (4) personal care products and services, and (5) miscellaneous. IRM 5.15.1.8. As indicated at the IRS web page, all expenses except miscellaneous are derived from the Bureau of Labor Statistics Consumer Expenditure Survey. http://www.irs.gov/individuals/article/0,,id=96543,00.html. These allowances are for amounts based on family size without questioning the actual amount spent. The Bankruptcy Code provides that an additional allowance of "up to 5%" may be allowed for food and clothing if reasonable and necessary. 11 U.S.C. § 707(b)(2)(A)(ii).
>
> Local Standards set forth in the IRM cover housing, utility, and transportation expense. IRM 5.15.1.9. It may be debatable whether the allowance is capped at the actual expenditure or the standard, whichever is less. The standards, nevertheless, represent the maximum deduction *(Ransom v. FIA Card Servs., N.A.*, 131 S.Ct. 716, 728 n. 8, 178 L.Ed.2d 603 (2011)), except as otherwise provided. See 11 U.S.C. § 707(b)(2)(A)(ii)(V).
>
> Actual monthly expenditures are allowed in those categories identified by the Internal Revenue Service as "Other Necessary Expenses." 11 U.S.C. 707(b)(2)(A)(ii)(I). "[T]hey must provide for the health and welfare of the taxpayer and/or his or her family or they must be for the production of income. This is determined based on the facts and circumstances of each case." IRM 5.15.1.10.

Should the Debtors be in Chapter 7 and their allowable deduction of these identified categories of expenses result in such net income that an abusive Chapter 7 filing is indicated, then the Bankruptcy Code permits the allowance of other expenses or adjustments of current monthly income as a "special circumstance" should their situation allow for no reasonable alternative. 11 U.S.C. § 707(b)(2)(B)(i). (footnote omitted)

*In re Gregory*, 452 B.R. 895, 897-98 (Bankr. M.D.Pa. 2011).

The Debtor's implementation of that means test, as set forth in Official Form (OF) 22C, shows disposable income of $201.34. Doc. # 50. The Debtor argues that the lower payment provided by his plan is justified by reference to Schedules I and J which set forth his current and future income and expenses unlike the means test which is based on historical figures. A review of those schedules show income less expenses of $17.61.

In 2010, the Supreme Court of the United States resolved a split of authority as to whether future anticipated income and expenses, as set forth in Schedules I and J, could be considered in determining whether the minimum "disposable income" was being dedicated to the 13 plan. The Court reasoned that "[i]n cases in which a debtor's disposable income during the 6 month look-back period is either substantially lower or higher than the debtor's disposable income during the plan period, the mechanical [look back] approach would produce senseless results that we do not think Congress intended." *Hamilton v. Lanning*, 560 U.S. 505, 520, 130 S. Ct. 2464, 2475-76, 177 L. Ed. 2d 23 (2010). "[W]e hold that when a bankruptcy court calculates a debtor's projected disposable income, the court may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation." *Hamilton v. Lanning*, 560 U.S. at 524, 130 S. Ct. at 2478, 177 L. Ed. 2d 23 (2010).

As argued by the Debtor, therefore, the Court is not locked into reviewing only the means test to determine whether all disposable income is dedicated to funding the plan. Nevertheless,

the Debtor, neither in his pleadings or his presentation, presented any indication that his income or expenses would be substantially altered post petition.

I will first address the legal issue of whether expenses should be based on a family of three or four people. Debtor and his non-filing spouse live in a household with two minor children. Both Debtor and his spouse are employed. The Trustee argues that the non-filing spouse is not a "dependent" of the Debtor for purposes of calculating household expenses since the non-filing spouse earns substantial income.

Congress has articulated a statutory preference for utilizing the National and Local Standards set forth by the Internal Revenue Service in the Financial Analysis Handbook (FAH) of the Internal Revenue Manual (IRM). 11 U.S.C. § 707(b)(2). With regard to the use of National Standards, the FAH states:

> Generally, the total number of persons allowed for national standard expenses should be the same as those allowed as exemptions on the taxpayer's current year income tax return.

5.15.1.7 at ¶6

> In regard to "family size", 5.15.1.9 states:

> Generally the total number of persons allowed for determining family size should be the same as those allowed as exemptions on the taxpayer's most recent year tax return.

These pronouncements have been memorialized in OF 22C at paragraphs 24 and 25.

The Debtor has averred that he has claimed four exemptions on his 2013 tax return. Doc. #89 at page 4. Accordingly, at least as pertains to the use of the National and Local Standards, I will consider the Debtor in a family of four.

I turn the parties' attention to the issue as to whether a utility bill in the name of the non-filing spouse can be utilized to increase the expense allowance of the Debtor. I again turn to the

FAH where I find that "[g]enerally, when determining ability to pay, a taxpayer is only allowed the expenses he/she is required to pay." FAH at 5.15.1.4. If the Debtor is not a signatory, I can find no liability. Nevertheless, the Debtor is allowed a utility deduction by reason of the application of Local Standards which include "housing and utilities" and this is regardless of whether such an expense is incurred.

The OF 22C Statement at line 42 allows a Home Energy cost for excess expenses, and this is where the Debtor attempts to document monthly expenses of $1,343.99, which exceeds the monthly allowance by $685.49. The Debtor claims this amount as a legitimate expense while the Trustee claims the utility expenses are those of his non-filing spouse, not the Debtor.

In response, the Debtor points to a state statute that indicates both spouses are ultimately liable for those "necessaries" provided to either. 23 Pa.C.S.A. § 4102.[1] This has been referred to as the "doctrine of necessaries." *In re O'Lexa*, 476 F.3d 177, 179 (3rd Cir. 2007). Even should the Pennsylvania statue be significant regarding the bankruptcy issue of how disposable income is calculated, § 4102, at best, makes the Debtor only secondarily liable and strictly conditioned on his spouse's non-performance of payment. The obligation to the utility companies has not reached the stage where the Debtor has any obligation, and therefore, those expenses of the non-filing spouse cannot be used to increase the expense allotment on OF 22C line 42 in the absence of an overall allotment formula for household income and expenses. Arguably, however, under the Debtor's current allocation, the spouse's expenses would simply be reported on lines 13 and

---

[1] "In all cases where debts are contracted for necessaries by either spouse for the support and maintenance of the family, it shall be lawful for the creditor in this case to institute suit against the husband and wife for the price of such necessaries and, after obtaining a judgment, have an execution against the spouse contracting the debt alone; and, if no property of that spouse is found, execution may be levied upon and satisfied out of the separate property of the other spouse." 23 Pa. Stat. and Cons. Stat. Ann. § 4102 (West).

19 and make little difference to the calculation of disposable income.

This brings us to the question of just how the household expenses should be borne by Debtor and the non-debtor spouse. A vehicle for making such determination is found in the FAH at 5.15.1.4. The Debtor may benefit from its application in future proposed plans.

The remaining issue raised by the Trustee deals with the fact that the cessation of repayment of pension loans during the plan is not accounted for by the Debtor's plan. One of the lessons of *Lanning* is that future income and expenses that are virtually certain should play a role in the calculation of disposable income. The Trustee's Objection is well taken.

Suffice it to say, the Debtor has shown no justification for departing from the measure of disposable income properly computed by OF 22C. It is for the reasons set forth in this Opinion that I sustain the Trustee's Objection to the Plan.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: July 29, 2016