IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| KYLE W. BRIDGEFORTH | : | BANKRUPTCY NO.: 5-14-bk-04499-JJT |
| DEBTOR | : | {**Nature of Proceeding**: Debtor's 8th Amended Ch. 13 Plan (Doc. #127)} |
| CHARLES J. DeHART, III<br>STANDING CHAPTER 13 TRUSTEE | : | {**Nature of Proceeding**: Trustee's Motion to Dismiss (Doc. #133)} |
| MOVANT | : | |
| vs. | : | |
| KYLE W. BRIDGEFORTH, | : | |
| RESPONDENT | : | |

# OPINION

Now pending before this Court is the 8th Amended Chapter 13 Plan filed by the Debtor, Kyle W. Bridgeforth. Also pending is a Motion to Dismiss filed by the Chapter 13 Trustee, Charles J. DeHart, III. These matters came for hearing on March 7, 2017, and are now ripe for disposition. The case was filed September 29, 2014, and, for almost 3 years, the unrepresented Debtor has struggled to secure confirmation of his plan. The Trustee, obviously frustrated by the ongoing futility of Debtor's efforts, argues that the apparent inability to secure confirmation of a plan has caused an unreasonable delay that is prejudicial to creditors, and thus, the case should be dismissed under 11 U.S.C. § 1307(c)(1).

The 8th Amended Plan of the Debtor was filed January 11, 2017. Doc. #127. It is a zero payment plan despite the fact that Debtor's gross annual income is $117,269.40. Doc. #140. The Trustee's specific objections to the plan involve the Debtor's calculation of disposable income. The Trustee questions the Debtor's calculation of the marital adjustment or that amount

[K:\Cathy\Opinions-Orders filed 2017\5-14-bk-04499-JJT_Bridgeforth.pdf]

contributed by the nondebtor spouse to the household expense (Line 13 of Official Form 22). The spouse has annual income of $75,592.56, but the Debtor calculates that only $358.41 per month is received from her toward household expenses. The Trustee also challenges the expenses listed for health insurance, etc., on line 39; contributions for the care of household member on line 40; home energy expense on line 42; and education expenses for dependent children on line 43.

I will discuss these items seriatim.

*Marital Adjustment, Line 13*

I am unclear what is asked of the Debtor on line 13 except an identification of the amount contributed by a nonfiling spouse to the Debtor's bills. In this case, that figure nets out at $358.41. Unless the Debtor is being less than honest in that computation, then I am uncertain as to why the responses would be a factor in denying confirmation. Where the relative income of the Debtor and the nonfiling spouse may be a factor is in the computation of the Debtor's share of joint expenses. This plays a role in later discussion.

*Health Insurance, etc., Line 39*

Line 39 allows a deduction from income for health insurance, disability insurance, and health savings accounts for the Debtor, spouse, and dependents. The Debtor has totaled this amount at $686.60. I find that this category constitutes a "shared expense" as that term is defined by the Internal Revenue Manual (IRM) 5.15.1.4, the allowance for which should be directly proportional with the relative income of Debtor and spouse. *In re Waechter*, 439 B.R. 253, 257 (Bankr. D.Mass. 2010). The total income of Debtor and spouse is $16,071.83 per month with the Debtor earning 60.8%. The Debtor's deductible share of health insurance, etc. is $466.89.

*Contribution to the Care of Household or Family Members, Line 40*

The Debtor has identified that he spent $200 per month over and above education expenses for family members. While he introduced evidence as to the expense of his twelve year old's private school education, I believe the documents he utilized (Exhibit E) were intended to support his argument on line 43, Education Expenses, which is discussed later in this opinion.

I believe the Debtor intended to support his argument with regard to line 40 by presenting evidence that his adult child attending college was in need of financial assistance. The Debtor testified that this child has some learning disabilities but is attending college. A student loan bill addressed to the nonfiling spouse was presented as Exhibit 1. I have concluded that Debtor's expense attributed to the education of adult children is not an ordinary and necessary expense. *In re Boyd*, 378 B.R. 81, 85 (Bankr. M.D.Pa. 2007). I, therefore, disallow the deduction not only for that reason but because the loan in question is a liability of the Debtor's nonfiling spouse and not the Debtor.

*Home Energy Costs, Line 42*

The Debtor has deducted from income $388.22 for actual expenses over and above the allowance for same provided by the IRS Local Standards for Housing and Utilities. Because this appears to be a shared expense, I will allow the Debtor a deduction of 60.8% of that amount or $236.04.

*Education Expense for Dependent Children, Line 43*

The Trustee questions the need to pay for private education for a minor child. In determining whether an expense is reasonable and necessary, guidance is found in the IRM which states that education expenses are allowed "[i]f it is required for a physically or mentally challenged child and no public education providing similar services is available." IRM 5.15.1.10 (11-17-2014) at pg. 13. I find that the Debtor has justified that need based on the status of his

fifth grade child. Nevertheless, educating a minor child is an expense that should be shared by the parents and attribution of that expense between the Debtor and his nonfiling spouse requires that I only allow 60.8% of the total monthly expenditure of $333.33 or $202.66.

In summary, I have reduced deductions from income by a total of $702.56. The nonfiling spouse has heretofore dedicated $358.41 monthly according to Official Form 22C. I will assume that spousal income will be utilized to offset her required contribution to joint expenses and conclude that the sum of $344.15 per month is available as disposable income for the benefit of creditors.

I am aware that the Debtor, in advancing this plan, has ignored dicta in an earlier decision in this case that suggested some expenses should be allocated between debtor and nondebtor spouses. *In re Bridgeforth*, 556 B.R. 121, 125 (Bankr. M.D.Pa. 2016). The Debtor's journey through the Chapter 13 labyrinth has been painfully slow due to his commitment to securing confirmation without legal assistance. I conclude that the failure to confirm over the course of almost 3 years despite having filed 9 proposed plans, has simply caused an unreasonable delay in this case - certainly exasperating the patience of creditors.

Therefore, unless within thirty (30) days from the date of this Opinion the Debtor proposes an amended plan offering $20,649 (60 x $344.15) to the unsecured creditors over the course of an amended plan, I will dismiss this bankruptcy pursuant to 11 U.S.C. § 1307(c)(1).

My Order will follow.

By the Court,

Date: August 18, 2017

John J. Thomas, Bankruptcy Judge
(CMS)